UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUI LI,<br><br>    Plaintiff,<br><br>  v.<br><br>CHINA MERCHANTS BANK CO., LTD., and KANG PAN, in his individual and professional capacities,<br><br>    Defendants. | Civil Action No. 22-cv-09309-KPF |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO STRIKE CERTAIN ALLEGATIONS IN THE
PLAINTIFF'S COMPLAINT**

                   **LITTLER MENDELSON, P.C.**
                   David M. Wirtz
                   Adriana H. Foreman
                   900 Third Avenue
                   New York, NY 10022
                   (212) 583-9600

                   *Attorneys for Defendants*

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT...................................................................................................................................2

    A.    Standard for Motion to Strike under Rule 12(f). ...................................................2

    B.    Certain allegations in the Complaint should be stricken because they are immaterial, impertinent, or scandalous. ............................................................2

    C.    Allegations in Paragraphs 134-136 and 139 of the Complaint should be stricken because they contain confidential information covered by a mediation agreement. .................................................................................5

CONCLUSION.................................................................................................................................6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*G-I Holdings v. Baron & Budd*,
  238 F. Supp. 2d 521 (S.D.N.Y. 2002) ................................................................................... 2

*Kelly v. L.L. Cool J.*,
  145 F.R.D. 32 (S.D.N.Y. 1992) ............................................................................................ 5

*Kounitz v. Slaatten*,
  901 F. Supp. 650 (S.D.N.Y. 1995) ................................................................................... 2, 4

*Lynch v. Southhampton Animal Shelter Found., Inc.*,
  278 F.R.D. 55 (E.D.N.Y. 2011) ............................................................................................ 3

*Newman v. Autozone, Inc.*,
  Case No. 22-cv-1758 (E.D. Pa. 2022) .................................................................................. 6

*Sanfo v. Avondale Care Grp., LLC*,
  21 Civ. 7267 (KPF), 2022 U.S. Dist. LEXIS 147368 (S.D.N.Y. Aug. 17,
  2022) ..................................................................................................................................... 3

*Smith v. AVSC Int'l, Inc.*,
  148 F. Supp. 2d 302 (S.D.N.Y. 2001) ................................................................................... 2

*Toto v. McMahan, Brafman, Morgan & Co.*,
  No. 93-cv-5894 (JFK), 1995 U.S. Dist. LEXIS 1399 (S.D.N.Y. Feb. 7, 1995) .................... 2

*United States ex rel. Yasti v. Nagan Constr.*,
  17 Civ. 7163 (AT), 2021 U.S. Dist. LEXIS 51037 (S.D.N.Y. Mar. 18, 2021) ..................... 6

**Statutes**

FMLA ........................................................................................................................................ 1, 4

**Other Authorities**

Fed. R. Civ. P. Rule 12(f) .......................................................................................................... 1, 2

Federal Rule of Evidence 408 .................................................................................................... 1, 5

Defendants China Merchants Bank Co., Ltd. (the "Bank") and Kang Pan submit this Memorandum of Law in support of their motion to strike paragraphs 62-63, 90-100, 105, 116-118, 134-136 and 139 from Plaintiff Hui Li's Complaint, dated October 31, 2022.

## PRELIMINARY STATEMENT

Plaintiff's Complaint alleges gender, age, and citizenship discrimination, violation of the FMLA, and retaliation. In support, she offers both relevant or at least arguably relevant factual allegations, but she also includes inflammatory allegations of racism and forgery that are untethered to her legal claims.

The Bank agrees with Plaintiff that redlining against African Americans is a heinous practice, but Ms. Li has not been the victim of redlining, and her legal claims having nothing to do with redlining or even racial discrimination more generally. These allegations are about gaining press attention to her complaint, with the intent to embarrass the Bank and its employees and inflame the Court or jury with allegations of race discrimination in lending practices that are neither true, nor germane, nor arguably relevant to Plaintiff's claims.

Further, Plaintiff's bald assertions that individual defendant, Kang Pan, engaged in unauthorized conduct or violated Bank policies unrelated to discrimination or leave eligibility, say nothing about whether he had discriminatory animus towards Plaintiff. Finally, Plaintiff discloses confidential information regarding a mediation and settlement discussions in violation of the clear terms of the parties' mediation agreement and FRE Rule 408.

This motion seeks to have the offending paragraphs stricken pursuant to Fed. R. Civ. P. Rule 12(f) because they are "immaterial, impertinent, or scandalous matter."

**ARGUMENT**

A.  **Standard for Motion to Strike under Rule 12(f).**

Allegations "may be stricken if they have no real bearing on the case, will likely prejudice the movant, or where they have criminal overtones." *G-I Holdings v. Baron & Budd*, 238 F. Supp. 2d 521, 555-56 (S.D.N.Y. 2002) (granting motion to strike certain allegations where they lacked relevance, were "amorphous, unspecific and [could not] be defended against" and were also prejudicial because they "harm[ed the defendant] in the public eye and could influence prospective jury members"); *see also Toto v. McMahan, Brafman, Morgan & Co.*, No. 93-cv-5894 (JFK), 1995 U.S. Dist. LEXIS 1399, at *46 (S.D.N.Y. Feb. 7, 1995) ("Motions to strike . . . may be granted where the allegations challenged have no real bearing on the subject matter or are likely to prejudice the movant.") (citation omitted).

Here, the Complaint is rife with conclusory assertions of racism and other conduct having no bearing on Plaintiff's claims. Courts routinely strike extraneous prejudicial allegations like those asserted here. *See, e.g., Smith v. AVSC Int'l, Inc.*, 148 F. Supp. 2d 302, 305-06 (S.D.N.Y. 2001) (striking specific allegations about the employer's behavior toward other employees because those employees did not share the same protected characteristics as the plaintiff and were not relevant to any of the plaintiff's claims); *Kounitz v. Slaatten*, 901 F. Supp. 650, 658 (S.D.N.Y. 1995) (striking allegations of the defendant's "alleged use of profanity and professional demands on her staff" because it had no bearing on whether she had discriminated against plaintiff on the basis of her gender and was thus immaterial and impertinent).

B.  **Certain allegations in the Complaint should be stricken because they are immaterial, impertinent, or scandalous.**

In her Complaint, Plaintiff includes a variety of accusations about the nature of the Bank's business and individuals at the Bank. Her allegations generally fall into three categories: (1)

allegations of race discrimination, including in the Bank's lending practices and purported redlining; (2) allegations of sexist conduct that cannot be proven; and (3) allegations of unauthorized conduct.  More specifically, the following allegations in the Complaint bear no relationship to claims that can be sustained and are impertinent and scandalous matters directed at Defendants:

- **Paragraphs 62-63** refer to a wholly separate action filed against the Bank by a former employee ("Wang Action").  The Wang Action has no bearing on Plaintiff's claims. Indeed, the references made in this Complaint that come from allegations in the Wang Action were never proven and are all related to claims of racial discrimination and redlining that are immaterial to Plaintiff's claims of gender, age, and citizenship discrimination.  *See Sanfo v. Avondale Care Grp., LLC*, 21 Civ. 7267 (KPF), 2022 U.S. Dist. LEXIS 147368, at *17 (S.D.N.Y. Aug. 17, 2022) (striking certain paragraphs from the complaint because allegations "'that are either based on, or rely on, complaints in other actions that have been dismissed, settled, or otherwise not resolved, are, as a matter of law, immaterial within the meaning of [Rule] 12(f).'") (internal citations omitted).

- **Paragraphs 90-100** discuss the practice of redlining, the Bank's alleged "racist attitudes" towards African Americans, and its alleged inaction after receiving alleged race discrimination complaints from Wang.  *See id.*

- **Paragraphs 92, 95, and 99** accuse specific Bank employees, who are not parties to this litigation and were not involved in the alleged misconduct against Plaintiff, of either participating in the heinous practice of redlining or silencing individuals who raised complaints regarding *race* discrimination.  *See Lynch v. Southhampton*

*Animal Shelter Found., Inc.*, 278 F.R.D. 55, 68 (E.D.N.Y. 2011) (striking paragraphs in a complaint that made accusations against a non-party in the action because it was irrelevant to the plaintiff's claim).

- **Paragraph 105** claims that "no man would be similarly criticized, let alone been formally disciplined, for such conduct." While Plaintiff may argue that this statement is related to her gender discrimination claim, this statement is not only scandalous but conclusory and impossible to prove or disprove (other than by common sense).

- **Paragraphs 116-118** allege that Mr. Pan directed Plaintiff to violate Bank policy by forging documents and engaging in unauthorized conduct for his personal benefit. This allegation has no bearing on whether Plaintiff experienced discrimination at the hands of Mr. Pan based on her age, gender, or citizenship, or that he retaliated against her for complaining about discrimination, or that he somehow violated her FMLA rights. *See Kounitz*, 901 F. Supp. at 658 (striking certain allegations of the defendant's conduct because it had no bearing on whether defendant had discriminated against plaintiff on the basis of her gender and was thus immaterial and impertinent).

The above allegations are immaterial to any of Plaintiff's legal claims and serve no purpose other than to prejudice Defendants and cast them in a derogatory light before the public at large, this Court, and the jury. As such, they should be stricken from the Complaint.

**C.     Allegations in Paragraphs 134-136 and 139 of the Complaint should be stricken because they contain confidential information covered by a mediation agreement.**

Paragraphs 134-136 and 139 disclose confidential settlement discussions that are protected from disclosure by Federal Rule of Evidence 408 and the mediation agreement the parties entered into in July of 2020.  They, too, should be stricken.

FRE 408(a) "bars the admission, for the purpose of 'prov[ing] or disprov[ing] the validity or amount of a disputed claim,' of evidence of 'furnishing, promising, or offering - or accepting, promising to accept, or offering to accept - a valuable consideration in compromising or attempting to compromise the claim; and conduct or a statement made during compromise negotiations about the claim.'"  Plaintiff's reference to statements made or positions taken during settlement discussions are barred, because they could be construed as an attempt to prove the validity of Plaintiff's claim or to imply that the Bank offered a "sizeable sum" (Complaint, ¶135) as an admission of guilt.  This is not admissible evidence and thus should be stricken.  *See Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 40 (S.D.N.Y. 1992) (granting defendant's motion to strike references to settlement discussions from the complaint because it violated Rule 408).

Further, while Plaintiff discloses that the parties engaged in a mediation, and that settlement discussions subsequently ensued, she fails to mention that both parties were required to enter into a confidentiality agreement prior to participating in the mediation. Section III sets forth parties' agreements with respect to the confidentiality of the mediation process.  By its express terms, the Mediation Agreement makes the *entire* mediation process, including all discussions during the videoconference and in any medium, confidential. The Mediation Agreement also provides that all statements made during the course of the mediation are privileged settlement discussions. The parties further agreed in the Mediation Agreement that any offers, promises, conduct, and statements made would not be disclosed to third parties and are privileged and inadmissible for

any purposes under the Federal Rules of Evidence and any other applicable federal or state statute, rule, or common law provision.

Section I of the Mediation Agreement also governs the participants and procedures for the mediation. It provides that the parties could terminate their participation for any reason by giving notice to the mediator and other parties, and that, if that should occur, the parties would remain bound by the confidentiality provision of the Mediation Agreement.

In sum, the Mediation Agreement required (and continues to require as of this date) Plaintiff to maintain the mediation itself and all discussions and proposed offers that were shared through August 2020 confidential. As a result, Plaintiff's disclosure that the parties engaged in mediation and exchanged proposed offers is not only a breach of the agreement, for which Defendants will seek relief as this matter progresses,[1] but also serves as a basis for this Court to strike those allegations from the Complaint. *See United States ex rel. Yasti v. Nagan Constr.*, 17 Civ. 7163 (AT), 2021 U.S. Dist. LEXIS 51037, at *2, n.2 (S.D.N.Y. Mar. 18, 2021) (finding that information and records submitted during a mediation were covered by the parties' mediation agreement and thus confidential and stricken).

## **CONCLUSION**

For all the foregoing reasons, paragraphs 62-63, 90-100, 105, 116-118, 134-136 and 139

---

[1] Defendants could have sought to disqualify Plaintiff's lawyers from this case altogether for their disclosure of the parties' mediation and settlement discussions. *See, e.g., Newman v. Autozone, Inc.*, Case No. 22-cv-1758 (E.D. Pa. 2022) (in which defendant moved, unsuccessfully, to disqualify plaintiff's attorney for disclosing a secret settlement in the plaintiff's complaint). Defendants here have elected, instead, to pursue a more reasonable and less drastic resolution.

of Plaintiff's Complaint should be stricken.

Date:   November 30, 2022
        New York, New York

*/s/ David M. Wirtz*
David M. Wirtz
Adriana H. Foreman
LITTLER MENDELSON, P.C.
900 Third Avenue, 8th Floor
New York, New York 10022
212.583.9600
dwirtz@littler.com
aforeman@littler.com

*Attorneys for Defendants*