UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HUI LI,

                     Plaintiff,

              -v.-

CHINA MERCHANTS BANK CO., LTD and
KANG PAN, *in his individual and
professional capacity*,

                    Defendants.

22 Civ. 9309 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

      On October 31, 2022, Plaintiff Hui Li filed a complaint alleging discrimination and retaliation claims against Defendants China Merchants Bank Co., Ltd. (the "Bank") and Kang Pan, the General Manager of the Bank (collectively, "Defendants"). (Dkt. #1).[1] On November 30, 2022, Defendants jointly filed a motion to strike certain allegations in the Complaint pursuant to Federal Rule of Civil Procedure 12(f), along with a supporting memorandum and declaration. (Dkt. #13-15). Specifically, Defendants claim that paragraphs 62-63, 90-100, 105, and 116-118 of the Complaint "should be stricken because they are immaterial, impertinent, or scandalous[,]" and "serve no purpose other than to prejudice Defendants and cast them in a derogatory light before the public at large, the Court, and the jury." (Def. Strike Br. 2, 4). Defendants then separate these paragraphs into three categories:

---

[1]     For ease of reference, Defendants' memorandum of law in support of its motion to strike is referred to as "Def. Strike Br." (Dkt. #14) and Plaintiff's memorandum of law in opposition is referred to as "Pl. Strike Opp." (Dkt. #18).

"[i] allegations of race discrimination, including in the Bank's lending practices and purported redlining; [ii] allegations of sexist conduct that cannot be proven; and [iii] allegations of unauthorized conduct." (*Id.* at 3). Additionally, Defendants move to strike paragraphs 134-36 and 139 from the Complaint because they allegedly contain confidential information regarding the parties' mediation agreement, which information Defendants claim is inadmissible both under Federal Rule of Evidence 408(a) and pursuant to the confidentiality provision in the parties' mediation agreement. (*Id.* at 5).

The Court directed Plaintiff to file a response to the motion. (Dkt. #17). On December 12, 2022, Plaintiff filed an opposition brief. (Dkt. #18). Broadly speaking, Plaintiff argues that: (i) those paragraphs describing other discrimination and retaliation actions against Defendant Bank are relevant to Plaintiff's claims, even if such employees are in a separate class; (ii) the mere fact that paragraph 105, which concerns Defendants' sexism, can be considered conclusory is not a sufficient basis to strike; (iii) those paragraphs concerning allegations that Defendants attempted to persuade Plaintiff to violate Bank policies are relevant to her retaliation claims and would be permissibly offered for proof of retaliation; and (iv) those paragraphs referring to the parties' mediation and proposed settlement would be offered for their relevance to Defendants' retaliation, a permissible purpose under Federal Rule of Evidence 408. (*See* Pl. Strike Opp. 6-14).

The Court has carefully considered the parties' submissions on this issue and now resolves Defendants' motion.

A.  **Applicable Law**

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are not to be granted 'unless there is a strong reason for so doing.'" *Dan-Bunkering (Am.), Inc.* v. *Tecnologias Relacionadas Con Energia y Servicios Especializados, S.A. de C.V.*, No. 17 Civ. 9873 (KPF), 2019 WL 1877344, at *3 (S.D.N.Y. Apr. 26, 2019) (quoting *Nungesser* v. *Columbia Univ.*, No. 15 Civ. 3216 (GHW), 2017 WL 1102661, at *1 (S.D.N.Y. Mar. 23, 2017) (internal quotation marks omitted)). Courts in this District have found that to prevail on a motion under Rule 12(f), the moving party must show "[i] [that] no evidence in support of the allegations would be admissible; [ii] that the allegations have no bearing on the issues in the case; and [iii] that to permit the allegations to stand would result in prejudice to the movant." *Id.* (quoting *Landesbank Baden-Württemberg* v. *RBS Holdings USA, Inc.*, 14 F. Supp. 3d 488, 497 (S.D.N.Y. 2014) (internal quotation marks omitted)); *accord Snellinger* v. *Fed. Nat'l Mortg. Ass'n*, No. 19 Civ. 6574 (NSR), 2022 WL 1711696, at *2 (S.D.N.Y. May 27, 2022). "Courts have found allegations to be prejudicial when they are 'amorphous, unspecific and cannot be defended against' and where the allegations, if publicized, 'harm [the defendant] in the public eye and could influence prospective jury members.'" *Low* v. *Robb*, No. 11 Civ. 2321 (JPO), 2012 WL 173472, at *9 (S.D.N.Y. Jan. 20, 2012) (quoting *G-I Holdings, Inc.* v. *Baron & Budd*, 238 F. Supp. 2d 521, 556 (S.D.N.Y. 2002)); *see also Morse* v. *Weingarten*, 777 F.

Supp. 312, 319 (S.D.N.Y. 1991) (striking references to defendant's prior criminal conviction and his income level because neither fact "bears remotely on the merits of th[e] case," and because including them "serves no purpose except to inflame the reader"). Indeed, "[t]he Court's focus on a Rule 12(f) motion is not the merits of the complaint or even whether it plausibly states a claim. Rather, accepting the allegations as true, the Court looks to whether they are potentially relevant to the Plaintiff's claims and whether they are unduly prejudicial to the Defendants." *Lynch* v. *Southampton Animal Shelter Found. Inc.*, 278 F.R.D. 55, 65 (E.D.N.Y. 2011).

**B.   Analysis**

As noted, Defendants move to strike paragraphs 62-63, 90-100, 105, and 116-118 from the Complaint on the grounds that "they are immaterial, impertinent, or scandalous," and "serve no purpose other than to prejudice Defendants and cast them in a derogatory light before the public at large, the Court, and the jury." (Def. Strike Br. 2, 4). Furthermore, Defendants move to strike paragraphs 134-36 and 139 because they contain confidential information regarding the parties' mediation agreement, the introduction of which they claim is barred by Federal Rule of Evidence 408(a) and the parties' mediation agreement. (*Id.* at 5). For the reasons set forth in the remainder of this Order, Defendants' motion is granted in part and denied in part.

    **1.   Paragraphs 62-63 and 90-100: Reference to *Wang* Action**

Defendants first move to strike paragraphs 62-63 and 90-100 on the basis that such paragraphs impermissibly rely on a complaint in a separate

4

discrimination action filed by another employee against Defendant Bank. (*See, Wang* v. *China Merchants Bank Co.*, No. 18 Civ. 4098 (AKH) ("*Wang* Docket"), Dkt. #1 (complaint)). Although potentially relevant to Plaintiff's allegations regarding the Bank's culture of discrimination and retaliation, "[i]t is well settled under Second Circuit law that allegations in a complaint 'that are either based on, or rely on, complaints in other actions that have been dismissed, settled, or otherwise not resolved, are, as a matter of law, immaterial within the meaning of [Rule] 12(f).'" *Sanfo* v. *Avondale Care Grp., LLC*, No. 21 Civ. 7267 (KPF), 2022 WL 3448100, at *6-7 (S.D.N.Y. Aug. 17, 2022) (quoting *Low*, 2012 WL 173472, at *9 (internal quotation marks omitted)); *see also Cowell* v. *Utopia Home Care, Inc.*, 144 F. Supp. 3d 398, 406 (E.D.N.Y. 2015) (striking complaint's references to other litigation against employer, and describing the material as impertinent and inappropriate in a complaint); *Footbridge Ltd.* v. *Countrywide Home Loans, Inc.*, No. 09 Civ. 4050 (PKC), 2010 WL 3790810, at *5 (S.D.N.Y. Sept. 28, 2010) (striking paragraphs in complaint that were "based on pleadings and settlements in other cases") (citing *Lipsky* v. *Commonwealth United Corp.*, 551 F.2d 887, 892 (2d Cir. 1976)); *RSM Prod. Corp.* v. *Fridman*, 643 F. Supp. 2d 382, 403 (S.D.N.Y. 2009) (striking paragraphs based on "complaints filed in actions that were never resolved on the merits and, thus, did not result in any findings of law or fact")).

Because the *Wang* action was voluntarily dismissed (*see* Wang Docket, Dkt. #45 (stipulation of dismissal)) and "did not result in an adjudication on the merits or legal permissible findings of fact," the Court grants Defendants'

motion to strike with respect to those paragraphs that are dedicated to the *Wang* complaint.[2]  *See RSM Prod. Corp.*, 643 F. Supp. 2d at 404 (citing *In re Merrill Lynch & Co., Research Reports Sec. Litig.,* 218 F.R.D. 76, 78 (S.D.N.Y. 2003)).

### 2. Paragraph 105: An Allegedly Conclusory Allegation of Sexism

Separately, Defendants argue that paragraph 105 of the Complaint should be stricken under Rule 12(f) because it is "scandalous[,] … conclusory[,] and impossible to prove or disprove (other than by common sense)."  (Def. Strike Br. 4).  The Court disagrees.  *First*, the claim that "[n]o man would be similarly criticized, let alone been *formally disciplined*, for such conduct[,]" goes directly to Plaintiff's gender discrimination claims, and Defendants do not suggest otherwise.  (*Id.*).  *Second*, the mere fact that an allegation is conclusory is not, on its own, a sufficient basis to strike under Rule 12(f).  Indeed, motions to strike "are generally disfavored and will not be granted unless the matter asserted clearly has no bearing on the issue in dispute," or "it can be shown that no evidence in support of the allegation would be admissible[,]" *Kehr ex rel. Kehr* v. *Yamaha Motor Corp., U.S.A.*, 596 F. Supp. 2d 821, 829 (S.D.N.Y. 2008) (quoting *Lipsky* v. *Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) (internal quotation marks omitted)).  Neither is the case here.  *See Morelli* v. *Alters*, No. 19 Civ. 1070 (GHW), 2020 WL 1285513, at *15 (S.D.N.Y. Mar. 18,

---

[2]   Upon review of the Complaint, the Court notes that paragraph 74 cites to the *Wang* action in a similar fashion as the other paragraphs at issue.  For the same reasons discussed in this section, the Court strikes paragraph 74.  *See* Fed. R. Civ. P. 12(f) (noting that a court may *sua sponte* strike paragraphs from a pleading).

2020) (denying motion to strike because "although some allegations in the complaint portray [defendant] in an unflattering light, it is not clear at this stage that these allegations can have no possible bearing on the subject matter of this litigation").  As such, the Court denies Defendants' motion to strike paragraph 105.

### 3. Paragraphs 116-118: Alleged Misconduct by Defendant Pan

Next, Defendants move to strike paragraphs 116-118, which allege that Defendant Pan directed Plaintiff to violate Bank policies (and potentially the law), and that Plaintiff's refusal to do so resulted in further retaliation and discrimination.  Defendants are correct that "allegations may be stricken if they have no real bearing on the case, will likely prejudice the movant, or where they have criminal overtones."  *Oram* v. *SoulCycle LLC*, 979 F. Supp. 2d 498, 511 (S.D.N.Y. 2013) (internal quotation marks omitted); *see also Morse*, 777 F. Supp. at 319 (striking references to defendant's prior criminal conviction and his income level because neither fact "bears remotely on the merits of th[e] case," and including them "serves no purpose except to inflame the reader").  But where, as here, Plaintiff asserts conduct that, while potentially inflammatory, is sufficiently related to the plaintiff's overall claims of retaliation, the Court will not strike the information.  *See Velez* v. *Lisi*, 164 F.R.D. 165, 167 (S.D.N.Y. 1995) (denying motion to strike and finding that while certain criminal allegations "may not pass Rule 11 scrutiny at a later stage in the litigation, we cannot say at this time that they have no possible bearing on the subject matter of plaintiff's claim"); *cf. Low*, 2012 WL 173472, at

7

*10 ("Whether any of these allegations is 'true' or not, they have no relevance to this particular case, and are therefore stricken."). Indeed, "[u]sually the questions of relevancy and admissibility in general require the context of an ongoing and unfolding trial in which to be properly decided. And ordinarily neither a district court nor an appellate court should decide to strike a portion of the complaint on the grounds that the material could not possibly be relevant on the sterile field of the pleadings alone." *Lipsky*, 551 F.2d at 893; *see also Smith* v. *AVSC Intern., Inc.,* 148 F. Supp. 2d 302, 317-18 (S.D.N.Y. 2001) (denying motion to strike paragraph from a complaint that referred to death threats the plaintiff allegedly received after reporting discrimination because "while clearly inflammatory[,]" if the plaintiff were able to gather proof of its relevance to his retaliation claim, it would be "highly probative of retaliation"). Accordingly, the Court denies Defendants' motion to strike as to paragraphs 116-118.

    **4.    Paragraphs 134-36 and 139: Settlement Discussions**

Finally, Defendants seek to strike paragraphs 134-36 and 139 because they disclose settlement discussions that are purportedly inadmissible under Federal Rule of Evidence 408, and because reference to such discussions would also violate the strict confidentiality provisions of the parties' mediation agreement. (*See* Def. Strike Br. 5-6). While Defendants are correct that Rule 408 bars settlement discussions from admissibility when offered "to prove or disprove the validity … of a disputed claim," the Court "may admit this evidence for another purpose[,]" including where, as here, it serves as a basis

for a retaliation claim.  Fed. R. Evid. 408; *see, e.g.*, *Calise* v. *Casa Redimix Concrete Corp.*, No. 20 Civ. 7164 (PAE), 2022 WL 355665, at *4 (S.D.N.Y. Feb. 4, 2022) ("In any event, even if the letter were held subject to Rule 408, that would not prevent it from receipt at trial as a basis for a retaliation claim."); *see generally Trebor Sportswear Co.* v. *The Ltd. Stores, Inc.*, 865 F.2d 506, 510 (2d Cir. 1989) ("[e]vidence of an offer to compromise, though otherwise barred by Rule 408, can fall outside the Rule if it is offered for 'another purpose,' *i.e.*, for a purpose other than to prove or disprove the validity of the claims that the offers were meant to settle" (citation omitted)).

  Here, Plaintiff does not present the existence of settlement discussions to show fault, but instead to substantiate her claim that Defendant Bank engaged in bad-faith negotiations as a means of dragging out the process and impeding her from filing a claim, all as part of a broader program of retaliation against Plaintiff.  (*See* Pl. Strike Opp. 12-14).  Accordingly, the Court denies Defendants' motion to strike the aforementioned paragraphs on this basis.

  However, Defendants claim — and Plaintiff does not dispute — that the mediation agreement contained confidentiality provisions indicating that all statements made during settlement negotiations were privileged, and that "any offers, promises, conduct, and statements made would not be disclosed to third parties and are privileged and inadmissible for any purposes under the Federal Rules of Evidence and any other applicable federal or state statute, rule, or common law provision." (Def. Strike Br. 5-6).  On this point, the decision of a sister court in this District, *United States ex rel. Yasti* v. *Nagan Construction*,

No. 17 Civ. 7163 (AT), 2021 WL 1063437 (S.D.N.Y. Mar. 18, 2021), is instructive. There, while the court found that evidence of certain statements made as part of settlement negotiations would otherwise be admissible under Rule 408, it nonetheless granted the motion to strike such information on the basis that the parties had entered into a mediation agreement expressly barring such evidence "for any purposes[.]" *Id.* at *1 n.2. Similarly here, while paragraphs 134-136 and 139 may be admissible under Rule 408, they are barred from admission by the terms of the relevant mediation agreement. As such, the Court grants Defendants' motion to strike as to paragraphs 134-136 and 139.

## CONCLUSION

For the foregoing reasons, Defendants' motion to strike is GRANTED IN PART and DENIED IN PART. Defendants' motion to strike is DENIED as to paragraph 105 and 116-118, and GRANTED as to paragraphs 62-63, 90-100, 134-136, and 139. The Court *sua sponte* strikes paragraph 74.

The Clerk of Court is directed to terminate the motion at docket number 13. Plaintiff is directed to file a second amended complaint in compliance with the directives set forth in this Order on or before **January 13, 2023**. Defendants' deadline to file an answer or otherwise respond is extended from January 8, 2023 to **February 3, 2023**.

SO ORDERED.

Dated:  January 6, 2023
        New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge