UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HUI LI,

                                   Plaintiff,

                   -v.-

CHINA MERCHANTS BANK CO., LTD. and KANG
PAN, *in his individual and professional capacities,*

                                   Defendants.

22 Civ. 9309 (KPF)

**OPINION AND ORDER**

KATHERINE POLK FAILLA, District Judge:[1]

In an Opinion and Order dated January 6, 2023, the Court granted in

part and denied in part the motion of Defendants China Merchants Bank Co.,

Ltd. and Kang Pan to strike certain portions of the Complaint filed by Plaintiff

Hui Li, and ordered Plaintiff to file an amended complaint on or before

January 13, 2023.  *See Li* v. *China Merchants Bank Co.*, No. 22 Civ. 9309 (KPF),

2023 WL 146853 (S.D.N.Y. Jan. 6, 2023).  The Clerk of Court struck the

Complaint from the docket on January 10, 2023.  On January 12, 2023,

Plaintiff, with the consent of Defendants, filed a request that the Court adjourn

*sine die* both Plaintiff's deadline to file an amended complaint and Defendants'

deadline to file an answer pending the Court's resolution of Plaintiff's

anticipated motion for reconsideration (Dkt. #20), which request the Court

granted that same day (Dkt. #21).  On January 23, 2023, Plaintiff filed the

---

[1]      The Court adopts the naming and citing conventions defined in its Opinion and Order of
         January 6, 2023 (the "January 6, 2023 Opinion" or "Op." (Dkt. #19)).  The Court refers
         to Plaintiff's memorandum of law in support of her motion for reconsideration as "Pl.
         Recon. Br." (Dkt. #23); and to Defendants' memorandum in opposition as "Def. Recon.
         Opp." (Dkt. #24).

instant motion for reconsideration.  (Dkt. #22).  Defendants filed a brief in opposition to that motion on February 6, 2023.  (Dkt. #24).  Subsequently, the Court received a letter from Plaintiff indicating that she would not be filing a reply brief.  (Dkt. #25).

Plaintiff asks the Court to reconsider only a portion of its January 6, 2023 Opinion — namely, the Court's decision to strike paragraphs 134 through 136 and paragraph 139 of the Complaint, which paragraphs reference the occurrence of, and an offer made in connection with, a confidential mediation. (Pl. Recon. Br. 5-8).  The Court has considered the motion pursuant to Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York and the relevant caselaw.  For the reasons set forth in the remainder of this Opinion, the Court grants Plaintiff's motion.

## DISCUSSION

### A.    Applicable Law

"A court may grant a motion for reconsideration when the motion is timely and the moving party establishes grounds for reconsideration." *United States ex rel. Colucci* v. *Beth Israel Med. Ctr.*, No. 06 Civ. 5033 (DC), 2010 WL 11586688, at *1 (S.D.N.Y. June 25, 2010).  A party has fourteen days after the entry of the court's determination of the original motion to move for reconsideration.  Local Civil Rule 6.3.  The purpose of Local Rule 6.3 is to "ensure the finality of decisions and prevent the practice of a losing party [from] examining a decision and then plugging the gaps of a lost motion with additional matters."  *Montanile* v. *Nat'l Broadcasting Co.*, 216 F. Supp. 2d 341,

342 (S.D.N.Y. 2002) (internal quotation marks and citation omitted). Indeed, "[f]ailure to adhere to Local Rule 6.3's time limitations is in and of itself a sufficient reason to deny a motion for reconsideration." *Sea Trade Co.* v. *FleetBoston Fin. Corp.,* No. 03 Civ. 10254 (JFK), 2009 WL 4667102, at *3 (S.D.N.Y. Dec. 9, 2009). Although a court, in the interest of justice, may entertain a motion filed beyond the fourteen-day limit, *id.,* the decision to grant or deny a motion for reconsideration falls squarely within the discretion of the district court. *See Devlin* v. *Trans. Comms. Int'l Union,* 175 F.3d 121, 132 (2d Cir. 1999).

"The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd.* v. *Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted); *accord Kolel Beth Yechiel Mechil of Tartikov, Inc.* v. *YLL Irrevocable Tr.,* 729 F.3d 99, 108 (2d Cir. 2013). Because Rule 6.3 is intended to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters,'" *S.E.C.* v. *Ashbury Cap. Partners, L.P.,* No. 00 Civ. 7898 (RCC), 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting *Carolco Pictures, Inc.* v. *Sirota,* 700 F. Supp. 169, 170 (S.D.N.Y. 1988)), "[t]he manifest injustice standard is, by definition, deferential to district courts and provides relief only in the proverbial rare case," *Corsair Special Situations Fund, L.P.* v. *Nat'l Res.,* 595 F. App'x 40, 44 (2d Cir. 2014) (summary order) (quoting *United States* v. *Rigas,*

3

583 F.3d 108, 123 (2d Cir. 2009) (internal quotation marks omitted and alterations adopted)).

Furthermore, "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader* v. *CSX Trans., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "A movant may not rely upon facts, issues, or arguments that were previously available but not presented to the court." *Franza* v. *Stanford*, No. 16 Civ. 7635 (KMK), 2021 WL 2650512, at *1 (S.D.N.Y. June 28, 2021) (internal quotation marks and citations omitted); *see also Analytical Survs., Inc.* v. *Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (noting that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple" (internal quotation marks and citations omitted)). Nor is a motion for reconsideration "the proper avenue for the submission of new material." *Sys. Mgmt. Arts Inc.* v. *Avesta Tech., Inc.*, 106 F. Supp. 2d 519, 521 (S.D.N.Y. 2000). Rather, under Local Rule 6.3, the moving party must "point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257 (noting that the standard for granting motions for reconsideration is "strict"); *accord Van Buskirk* v. *United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019).

**B.     Analysis**

Defendants argue in the first instance that Plaintiff's motion should be dismissed as untimely under Local Rule 6.3.  (Def. Recon. Opp. 3).  Defendants are correct as to the timeliness of the motion, and Plaintiff does not suggest otherwise.  (Dkt. #25 (noting that Plaintiff would "not be submitting any reply papers")).  Plaintiff filed the instant motion on January 23, 2023, seventeen days after the Court's January 6, 2023 Opinion.  (*See* Dkt. #19, 22).  The Court could deny the motion outright based on its untimeliness, *see McGraw-Hill Glob. Educ. Holdings, LLC* v. *Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018), but declines to do so on these facts.  Courts in this Circuit have recognized their "discretion to accept untimely filings in cases of excusable neglect, including 'delays caused by inadvertence, mistake, or carelessness, at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and movant's excuse has some merit.'"  *Castillo* v. *Stanley*, No. 19 Civ. 7072 (AKH), 2020 WL 5038611, at *3 (S.D.N.Y. Aug. 26, 2020) (quoting *LoSacco* v. *City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) (internal citations and quotation marks omitted)).  Because Defendants have demonstrated neither bad faith in Plaintiff's three-day delay nor prejudice resulting therefrom, the Court declines to reject the motion on a technicality.  More pointedly, given the Court's desire to correct its error, it now exercises its discretion to decide the motion on the merits.

Plaintiff argues that the Court committed clear error by "not fully consider[ing] the case law" in granting Defendants' motion to strike the

paragraphs of the Complaint related to the parties' mediation discussions.  (Pl.

Recon. Br. 4, 5).  Plaintiff argues that the Court's decision would result in

manifest injustice because,

> [t]aken to its extreme, [the Court's holding] would allow
> one party to physically assault another party knowing
> that the assault could never be revealed or acted upon
> legally per the [confidentiality provision] of the
> mediation agreement.  In effect, the [January 6, 2023
> Opinion] holds that the mediation agreement functions
> as a prospective contractual waiver of all claims — even
> unwaiveable substantive federal statutory rights — that
> could arise during the mediation process.

(*Id.* at 7).  To be clear, the Court does not disagree with Plaintiff that "[a]ny rule

that statements made during the course of a mediation are *per se* inadmissible

for any purpose would give employers free reign to threaten plaintiffs or

intimidate plaintiffs into accepting settlement offers under explicit threat of

retaliation."  (*Id.* at 6).  It was not the Court's intention, explicitly or by

implication, to create such a *per se* rule in its Opinion.  However, given (i) the

dearth of case law discussing the use of confidential mediation and settlement

offers as bases for unrelated allegations, (ii) the standard the Court must

employ on a Rule 12(f) motion, and (iii) the early stage of this litigation, the

Court grants Plaintiff's motion for reconsideration.

A motion to strike should be granted only where the moving party

establishes that "[i] no evidence in support of the allegations would be

admissible; [ii] … the allegations have no bearing on the issues in the case; and

[iii] … to permit the allegations would result in prejudice to the movant."  *Dan-*

*Bunkering (Am.), Inc.* v. *Tecnologias Relacionadas Con Energia y Servicios*

*Especializados, S.A. de C.V.*, No. 17 Civ. 9873 (KPF), 2019 WL 1877344, at *3

(S.D.N.Y. Apr. 26, 2019) (quoting *Landesbank Baden-Württemberg* v. *RBS*

*Holdings USA, Inc.*, 14 F. Supp. 3d 488, 497 (S.D.N.Y. 2014) (internal quotation

marks omitted)); *see also id.* ("[m]otions to strike are not to be granted unless

there is a strong reason for so doing" (internal quotation marks and citations

omitted)).  The Court's decision to strike the paragraphs concerning the

confidential mediation was arguably erroneous in several respects.

   *First*, as the Court previously recognized, the paragraphs at issue may be

admissible pursuant to Federal Rule of Evidence 408 because they not being

offered as proof of liability or the validity of a disputed claim, but instead as a

basis to support Plaintiff's allegation that Defendants engaged in retaliatory,

bad faith-negotiations as a means of "harassing her and frustrating her ability

to vindicate her rights" (Compl. ¶ 134; *id* ¶¶ 133, 135-136), before "finding a

pretextual reason justifying the termination of her employment" just one month

later (Pl. Recon. Br. 7; *id.* at 2; Compl. ¶¶ 138-139).  *See N.Y. Islanders Hockey*

*Club. LLP* v. *Comerica Bank-Texas,* 71 F. Supp. 2d 108, 120 (E.D.N.Y. 1999)

("As these allegations *may* be admissible as evidence, the motion to strike them

must be denied." (emphasis added)).

   *Second*, the Court cannot find that Plaintiff's allegations, taken as true,

have *no* potential bearing on the issues in this case.  While the Court agrees

with Defendants that Plaintiff offers scant evidence in her pleadings that

Defendants' decision to enter into mediation constituted retaliatory conduct,

"[t]he Court's focus on a Rule 12(f) motion is not the merits of the complaint or

7

even whether it plausibly states a claim[,]" but "[r]ather, accepting the allegations as true, … whether they are potentially relevant to the Plaintiff's claims and whether they are unduly prejudicial to the Defendants." *Lynch* v. *Southampton Animal Shelter Found. Inc.*, 278 F.R.D. 55, 65 (E.D.N.Y. 2011); *accord Lipsky* v. *Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) ("ordinarily neither a district court nor an appellate court should decide to strike a portion of the complaint on the grounds that the material could not possibly be relevant on the sterile field of the pleadings alone" (internal quotation marks and citations omitted)); *Ambac Assur. Corp.* v. *EMC Mortg. Corp.*, No. 08 Civ. 9464 (RMB) (MHD), 2009 WL 734073, at *2 (S.D.N.Y. Mar. 16, 2009) (denying motion to strike certain allegations because they "may bear" on plaintiff's claims).  Indeed, while Plaintiff's allegations may ultimately fall on a motion to dismiss, the Court cannot say at this early stage that "it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation." *Allocco* v. *Dow Jones & Co.*, No. 02 Civ. 1029 (LMM), 2002 WL 1484400, at *1 (S.D.N.Y. July 10, 2002) (internal quotation marks and citation omitted)); *accord Cruz* v. *Oxford Health Plans, Inc.*, No. 03 Civ. 8863 (LTS) (JCF), 2004 WL 2609528, at *2 (S.D.N.Y. Nov. 17, 2004) ("[T]he motion to strike is not intended for use in determining the sufficiency of any pleading." (internal quotation marks and citations omitted and alterations adopted)).

Third, the Court does not find that the inclusion of the paragraphs at issue would prejudice Defendants.  "Courts have found allegations to be

8

prejudicial when they are 'amorphous, unspecific and cannot be defended against' and where the allegations, if publicized, 'harm [the defendant] in the public eye and could influence prospective jury members.'" *Low* v. *Robb*, No. 11 Civ. 2321 (JPO), 2012 WL 173472, at *9 (S.D.N.Y. Jan. 20, 2012) (quoting *G-I Holdings, Inc.* v. *Baron & Budd*, 238 F. Supp. 2d 521, 556 (S.D.N.Y. 2002)).  Defendants assert broadly that "Plaintiff's insistence on disclosing mediation-related information is unnecessary for the prosecution of her retaliation claim and offered solely for the purpose of attempting to prejudice Defendants." (Def. Recon. Opp. 5).  Absent more, and because the allegations have already been made public in at least one news article, the Court finds that keeping the paragraphs in the Complaint would not prejudice Defendants. (*See* Pl. Opp. 14; Pl. Recon. Br. 8 (both citing Frank G. Runyeon, *Chinese Bank Can't Nix $1.5M Harassment Deal, NY Court Told*, Law360 (Apr. 21, 2022, 6:53 PM EDT), https://www.law360.com/articles/1486192)).  *See also Ambac Assur. Corp.*, 2009 WL 734073, at *3 (finding no prejudice where the information in the complaint was "already a matter of public record" (citing, *e.g.*, *Lucarelli* v. *DVA Renal Healthcare, Inc.*, No. 08 Civ. 0049 (JLG), 2009 WL 262431, at *6 (S.D. Ohio Feb. 3, 2009); *Federated Dep't Stores, Inc.* v. *Grinnell Corp.*, 287 F. Supp. 744, 747 (S.D.N.Y. 1968))).

For all of the foregoing reasons, the Court grants Plaintiff's motion for reconsideration.

## CONCLUSION

The Court GRANTS Plaintiff's motion for reconsideration, and the Court's January 6, 2023 Opinion is VACATED IN PART with respect to the decision to strike paragraphs 134-136 and 139 of the Complaint.  Plaintiff is once more directed to file an amended complaint in compliance with the directives set forth in the January 6, 2023 Opinion as modified by this Opinion, on or before **May 5, 2023**.  To the extent Plaintiff seeks to otherwise amend the allegations in her Complaint, the Court grants her leave to do so.  Defendants are directed to file an answer or otherwise respond to the amended complaint on or before **May 26, 2023**.  The Clerk of Court is directed to terminate the motion pending at docket entry 22.

        SO ORDERED.

Dated:        April 14, 2023
              New York, New York

                                        _____
                                           KATHERINE POLK FAILLA
                                           United States District Judge