# WIGDOR LLP
ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**David Gottlieb**
dgottlieb@wigdorlaw.com

June 8, 2023

**VIA ECF**

Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007



Re:   Li v. China Merchants Bank Co., Ltd., et al.; Case No. 22-cv-09309 (KPF)

Dear Judge Failla:

We represent Plaintiff Hui Li and submit this letter in opposition to Defendants' request to stay discovery (the "Stay Letter").[1]  Dkt. No. 31.  As we predicted in our opposition to Defendants' pre-motion conference letter in anticipation for their motion to dismiss ("Plaintiff's Motion to Dismiss Letter"), Defendants' Stay Letter merely underscores the fact that their motion to dismiss is being filed merely as a vehicle to seek a stay discovery.  See Dkt. No. 29.  For the reasons stated below, the request should be denied.

I.     **THE LEGAL STANDARD**

A stay of discovery in a civil case "is an extraordinary remedy."  Trustees of Plumbers and Pipefitters Nat. Pension Fund v. Transworld Mechanical, Inc., 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995).  And while a court has the discretion to issue a stay for "good cause," Fed. R. Civ. P. 26(c), "[t]he mere filing of a motion to dismiss does not constitute 'good cause' for the issuance of a stay."  Hollins v. U.S. Tennis Ass'n, 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006); see Kirschner v. J.P. Morgan Chase Bank, N.A., No. 17 Civ. 6334 (PGG) (SLC), 2020 WL 230183, at *2 (S.D.N.Y. Jan. 15, 2020) ("[c]ourts do not routinely stay discovery 'simply on the basis that a motion to dismiss has been filed'") (quoting Moran v. Flaherty, No. 92 Civ. 3200 (PKL), 1992 WL 276913, at *1 (S.D.N.Y. Sep. 25, 1992)).  Rather, "it is the moving party's burden to establish a clear case of hardship or inequity in being required to go forward."  In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig., 99 F. Supp. 3d 288, 315 (E.D.N.Y. 2015) (citing Trikona Advisors Ltd. v. Kai-Lin Chuang, No. 12 Civ. 3886, 2013 WL 1182960, at *2 (E.D.N.Y. Mar. 20, 2013)).

---

[1]   Although Defendants style their request as one to merely stay discovery until the June 27, 2023 pre-motion conference, it is apparent, both from the Stay Letter and from conversations between counsel, that Defendants intend to seek a stay until such time as the Court rules on their motion to dismiss.  Accordingly, Plaintiff will address the larger request for a stay herein.



The Hon. Katherine Polk Failla<br>June 8, 2023<br>Page 2

## II.     THE MOTION TO DISMISS LACKS MERIT

To obtain a stay, Defendants must assert "substantial arguments for dismissal" or a "strong showing that the [plaintiff's] claim is unmeritorious." K.A. v. City of New York, No. 1:16-CV-04936-LTS-JW, 2022 WL 3996710, at *2 (S.D.N.Y. Sept. 1, 2022) (internal citations and quotations omitted).[2] In other words, Defendants must show that "the complaint is facially without merit" or that "the plaintiff has been unable to cite relevant authority in response to a defendant's challenge." Bennett v. Cuomo, No. 22-CV-7846 (VSB), 2023 WL 2021560, at *2 (S.D.N.Y. Feb. 15, 2023).

Not only have Defendants failed to meet this high standard, as set forth in Plaintiff's Motion to Dismiss Letter, Defendants' anticipated motion to dismiss is both legally and factually bankrupt and utterly frivolous. The primary grounds for Defendants' motion to dismiss—that Plaintiff's claims are barred by the doctrine of *res judicata*—does not even make any sense and for that reasons Defendants fundamentally misstate when *res judicata* applies. Moreover, in making their fallacious argument that Plaintiff had the opportunity to litigate her claims in her earlier state court action, Defendants mischaracterize the facts of that case. It was a straightforward breach of contract action that did not touch *any* of the claims, evidence or defenses in the instant case. Plaintiff has presented substantial case law making it abundantly clear that Defendants' arguments have no basis whatsoever in any fact or law. In short, Defendants have not only failed to present "substantial arguments" supporting their motion to dismiss, but they have not presented any meritorious arguments warranting dismissal. For this reason alone, Defendants' stay request should be denied. See, e.g., Freund v. Weinstein, No. 08-cv-1469 (FB)(MDG), 2009 WL 2045530, at *2 (E.D.N.Y. July 8, 2009) (denying discovery stay where "this Court is doubtful that [the defendant] will succeed in dismissing all of the claims against him").

Putting the lie to Defendants' arguments even further, Defendants themselves *affirmatively represented* to the state court—when seeking dismissal of that case, of course—that Plaintiff had every right to pursue this action and was not barred from doing so in any way. See Transcript of Oral Argument at 42, Li vs. China Merchant's Bank Co., Ltd., Index No. 655394/2020 (N.Y. Sup. Ct.) (No. 91) (wherein Defendants stated that "Ms. Li is not bound by any agreement. She is free to disclose the underlying facts of her case. . . and even bring her claim against the bank if she so chooses"). But Defendants' current position makes that previous statement to the state court a complete misrepresentation. This is not an example of a mere weak argument or creative gamesmanship; Defendants are making contradictory arguments to two judges in two different courts in the hope that neither will realize.[3]

Finally, there is no basis for a stay on the basis of burden or lack of prejudice. Defendants' mere "conclusory allegations" that discovery will be burdensome "are insufficient to establish good cause for staying discovery." Diaz v. Local 338 of Retail, Wholesale Dept. Store Union, United Food And Commercial Workers, No. 13 Civ. 7187 (SJF) (SIL), 2014 WL 4384712, at *2 (E.D.N.Y. Sep. 3,

---

[2]     Defendants' argument that a stay should be granted where the motion is "not unfounded in the law," Stay Ltr. at p. 2 (internal citations omitted), has been considered and rejected by other courts. Hong Leong Finance Ltd. (Singapore), 297 F.R.D. at 72. Such a deferential standard would "result in unnecessary discovery delay in many cases." Id. (internal citations and quotations omitted).

[3]     Plaintiff reserves all rights to seek additional remedies from the state court and/or any other avenues.



2014).  And, in assessing "the risk of unfair prejudice," courts weigh only prejudice to the party opposing the stay.  Kirschner v. J.P. Morgan Chase Bank, N.A., No. 17CIV6334PGGSLC, 2020 WL 230183, at *3 (S.D.N.Y. Jan. 15, 2020).  Here, Plaintiff was terminated two years ago and is entitled to a "speedy" resolution of her claims.  Fed. R. Civ. P. 1.  Where the motion to dismiss is as devoid of merit as that proposed by Defendants, it would be fundamentally unfair Defendants to be rewarded for this conduct or for Plaintiff to wait even longer to prosecute her claims.

Accordingly, Plaintiff respectfully requests that the motion for stay of discovery be denied.

Respectfully submitted,

David Gottlieb

cc:     All Counsel of Record (via ECF)

```
The Court is in receipt of Defendants' June 8, 2023 request to stay
discovery between now and the pre-motion conference scheduled for June
27, 2023 (Dkt. #31), and Plaintiff's above response.  Defendants'
application is hereby GRANTED.  It is this Court's general practice to
stay discovery when a fully dispositive motion has been filed, and the
period between the filing of a pre-motion letter and the pre-motion
conference is included as part of that practice.  Given that there is
no case management plan in force in this case, the parties should not
be engaging in discovery, and need not meet and confer at this time.

The Clerk of Court is directed to terminate the pending motion at
docket number 31.


Dated:   June 9, 2023             SO ORDERED.
         New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE