

**Littler Mendelson, P.C.**
900 Third Avenue
New York, NY 10022.3298

Margaret L. Watson
212.471.4492 direct
212.583.9600 main
MWatson@littler.com

February 20, 2025

**MEMO ENDORSED**

**VIA ECF**
Hon. Katherine P. Failla, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Li v. China Merchants Bank Co., LTD, et al.*, Case No. 2: 22-cv-9309 (KPF)

Dear Judge Failla:

We write in response to Plaintiff's letter requesting a pre-motion conference and/or permission to file a formal motion to compel discovery (ECF No. 80). Plaintiff's letter outlines her request for discovery on claims that are different from the ones she has filed or has standing to pursue. By her letter, Plaintiff admits that she seeks discovery across a 10-year period, involving claims of illegal conduct that have no relationship to the claims she asserts. Her letter simply evidences her attempt to use discovery as a fishing expedition, intended to harass and to make the costs of defense so prohibitive as to compel Defendants to resolve this litigation prior to trial. Defendants object to Plaintiff's requests and this attempted abuse of the discovery process. However, Defendants agree that a conference would be helpful to resolve the issue regarding the proper scope of discovery on the claims before the Court.

### A. The Claims Pleaded Define the Proper Scope of Discovery

This is a single-plaintiff litigation. By the Amended Complaint ("AC"), Ms. Li claims that she was discriminated against based on her age, gender, and citizenship, and that she was allegedly retaliated against after she complained of such discrimination. Looking to the allegations in the Complaint, Ms. Li does not complain that she was ever subjected to sexual harassment, nor does she claim that Mr. Jiao, who preceded Mr. Pan as General Manager (and Plaintiff's direct supervisor), ever discriminated against her. Indeed, to the contrary, Ms. Li highlights her successful tenure (promotions, salary increases and positive employment reviews) under Mr. Jiao's leadership, and she never raised any claim of discrimination or retaliation while Mr. Jiao was in charge. *See Opinion and Order* at ECF 71 (reciting AC ¶¶ 19-20, 22-24-, 26-27, 31, 32-33, 34-35, 93). Notably, Ms. Li makes no claim of race discrimination, and the spurious and defamatory allegation in her letter about the Bank allegedly engaging in discriminatory lending practices based on race only goes to show how disconnected Plaintiff's discovery requests are from her claims.

As this Court previously recognized, Plaintiff's theory of discrimination is that when Mr. Pan assumed responsibility as the General Manager in September 2019, he allegedly began to discriminate against her. *Id.* The legal theories that she pleads are that she was subject to discrimination based on gender,

Hon. Katherine P. Failla
February 20, 2025
Page 2

age, and citizenship under New York State (NYS) and New York City (NYC) law, and that she was unlawfully retaliated against after she allegedly complained of that discrimination. The adverse action of which she complains all occurred in the period between September 1, 2019 and the termination of her employment on August 21, 2020.[1] Notably, the statute of limitations for her claims under NYS and NYC law is three years; for her claim under the FMLA, two years, and for her claim under 42 U.S.C. § 1981, which is exclusively a claim of citizenship discrimination, four years. As Plaintiff chose not to bring her claims until the filing of this action on October 31, 2022, more than two years following the termination of her employment, this means any discrimination that occurred prior to October 31, 2019 is outside the applicable limitations period for all of her claims, other than her claim of citizenship discrimination, which limitations period extends back to October 21, 2019 (though again, as referenced above, the Complaint does not plead any such claim as against Mr. Jiao).

### B. Applicable Law

Defendants agree with one part of Plaintiff's letter: that the law is clear that the scope of discovery is fact specific and case specific. However, the law is also clear that discovery is not intended to be a fishing expedition, and the courts must protect that discovery is not abused, *i.e.*, that a party's requests are not to harass. *Sibley v. Choice Hotels Int'l*, No. CV 14-634 (JS)(AYS), 2015 U.S. Dist. LEXIS 170734, at *6 (E.D.N.Y. Dec. 22, 2015) (discussing the 2015 amendment to Rule 26 narrowing the scope of discovery and recognizing the court's role regarding inappropriate discovery requests). The relevant limits are whether the sought after information is likely to lead to discovery relevant to the parties' claims or defenses. *Id.*; *Evans v. Calise*, No. 92 Civ. 8430 (PKL), 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994)( Rule 26(b)(1) "does not allow a party to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so."); *see also Barbara v. Martnemax*, Inc., 12-CV-368 (ARR)(RER) (E.D.N.Y. May 9, 2013); *Offor v. Mercy Med. Ctr.*, No. 15-cv-2219 (ADS) (SIL), 2020 U.S. Dist. LEXIS 102574, at *3-*4 (E.D.N.Y. June 11, 2020) (citing Fed. R. Civ. P. 26(b)(1); Rule 26 Advisory Committee Notes to 2015 Amendments). Further, it is well settled that Plaintiff is only entitled to discovery of similar complaints limited to the same type of discrimination and against the same decisionmaker or alleged bad actor. *See Vuona v. Merrill Lynch Co., Inc.*, 2011 WL 5553709, at *7 (S.D.N.Y. Nov. 11, 2011) (limiting discovery to other claims of the same form of discrimination reasoning that plaintiffs may not conduct a general fishing expedition into areas unrelated to their claims. Also noting that "if the manager was far afield from the Plaintiffs such that he or she had no practical ability to shape the evaluation of Plaintiffs' performance, the relevance of such a record would be, at best, tenuous, and the burden of collecting and producing such materials would outweigh the benefit.") (internal citations omitted); *Harris v. Bronx Parent Hous. Network, Inc.*, 2020 WL 763740, at *3 (S.D.N.Y. Feb. 14, 2020). Regarding temporal scope, courts have used the statute of limitations as a guide for setting the maximum time period. *Chow v. Sentosacare*, LLC, No. 19-CV-3541-FB-SJB, 2020 U.S. Dist. LEXIS 172510, at *12 (E.D.N.Y. July 21, 2020) (the court clarified that the statute of limitations period serves as a ceiling for the scope of discovery, with the minimum scope being based on relevance, proportionality, and the specific facts of the case).

In fact, the cases cited in Plaintiff's letter motion support these restrictions. In almost all of these cases, the plaintiffs were seeking discovery regarding the same category of discrimination at issue in their lawsuits against the individually named defendants only. *See e.g., Sasikumar v. Brooklyn Hosp. Ctr.*,

---

[1] She separately alleges a claim of citizenship discrimination under 42 USC § 1981, and a claim of alleged retaliation in violation of the FMLA. AC ¶¶ 126-139.

Hon. Katherine P. Failla
February 20, 2025
Page 3

2011 U.S. Dist. LEXIS 46748 (E.D.N.Y. Apr. 29, 2011) ("similar complaints of discrimination [are] relevant and discoverable.") (internal citations omitted); *Vuona.*, 2011 WL 5553709 (discussed *infra*).

Additionally, Plaintiff's reference to, and attempt to seek discovery in connection with, other lawsuits that are unrelated to Plaintiff's claims, is inappropriate. Plaintiff concedes that the *Wu* lawsuit involved sexual harassment allegations and the *Wang* lawsuit involved race discrimination allegations. These claims were resolved without any adjudication of liability. *See* Plaintiff's Letter, ECF Dkt. 80, at pgs. 1-2. Courts in the context of *Monell* liability, courts have routinely rejected attempts to use prior lawsuits to establish a pattern or practice of misconduct. *Isaac v. City of New York*, 16-cv-4729 (KAM), 2018 U.S. Dist. LEXIS 132995at *50-51 (E.D.N.Y Aug. 6, 2018) (finding that other court cases could not establish a de facto policy or custom because they involved dissimilar misconduct, were resolved by settlement, or the city prevailed); *Calderon v. City of New York*, 138 F. Supp. 3d 593, 613 (S.D.N.Y. 2015) ("None of the [sixteen] lawsuits cited resulted in an adjudication of liability and number of suits do not suggest a pervasive illegal practice.").

Clearly, Plaintiff's strategy in this case is, at best, to throw everything at the wall and hope something sticks and, at worst, to harass Defendants into incurring such significant legal fees that they are forced to settle the matter regardless of the weakness of Plaintiff's claims. *Closed Joint Stock Co. v. Actava TV, Inc.*, 2016 WL 1364942, at *5 n.8 (S.D.N.Y. Mar. 28, 2016)(quotations omitted)("[I]t has long been recognized that the purpose of discovery is to enable the parties to prepare for trial with respect to their own bona fide existing claims, not to determine whether third parties have similar claims."). Indeed, such a strategy is a familiar one for Plaintiff's counsel. *See Ganieva v. Black*, 216 A.D.3d 424, 425, 189 N.Y.S.3d 105 (2023)(granting motion to strike against Wigdor where allegations were scandalous and prejudicial, and not necessary to establish any element of plaintiff's causes of action).

On the unique facts presented here, the appropriate date range is to limit discovery to the applicable statute of limitations period, which period includes the time when Mr. Pan, the person Plaintiff named as the individual defendant and alleged discriminator, supervised Ms. Li.

### C. Plaintiff Mischaracterizes Defendants' Position

Defendants have not denied Plaintiff access to broad discovery relevant to the claims she pleads. Defendants have agreed to produce discovery from January 1, 2018 (a year and nine months prior to Pan's arrival in New York), through December 31, 2021 (a year and four months following the termination of Plaintiff's employment). And Defendants have agreed to produce information relating to any and all other complaints of age, citizenship, and gender discrimination and retaliation raised against Mr. Pan, the person Plaintiff has chosen to name as an individual defendant.

The reasonableness of Defendants' position, and in contrast, the overbroad scope of Plaintiff's requests, can be seen in the parties' negotiations regarding relevant ESI, which the Parties are still negotiating.  In this single-plaintiff case with claims concerning alleged events that took place in a less than 15-month time span, Plaintiff sought discovery from seventeen (17) individuals and three entire departmental distribution lists, provided more than 560 separate searches in both English and Mandarin, and a time range spanning more than ten (10) years.  Requested custodians include people that left the Bank before Mr. Pan arrived at the Bank and two current employees who were not identified in the initial disclosures or identified in the complaint.  Despite these requests, Plaintiff has not explained their relevance to this matter.  Defendants have already spent significant time and resources working through Plaintiff's massively overbroad and disproportional requests, running her unwieldy searches—many of which consist of single common and ambiguous words, names, numbers,

Hon. Katherine P. Failla
February 20, 2025
Page 4

and even initials, without more and with no nexus to Plaintiff. In the spirit of cooperation, Defendants have offered to search electronic communications of nine custodians for the period January 1, 2019 through August 31, 2020, using searches structured to relate to Plaintiff's claims and allegations. Obviously, the Court's determination of the proper scope of reasonable requests turns in part on costs and the burden on parties, among other factors. Accordingly, Defendants believe it would be productive to address all outstanding discovery disputes at a conference or through more extended briefing at this time.

Sincerely,

*/s/ Margaret L. Watson*

Margaret L. Watson

```
The Court has reviewed Plaintiff's pre-motion letter regarding
discovery (Dkt. #80), and Defendants' letter in opposition (Dkt. #85).
```

*First*, the Court admonishes the parties for filing letters in excess of three pages, in clear contravention of Rule 2(C)(ii) of this Court's Individual Rules of Practice in Civil Cases.

*Second*, the Court hereby ORDERS the parties to appear at a conference to discuss the issues raised in these letters on **March 6, 2025,** at **10:00 a.m.** The conference shall take place via telephone. At the scheduled time, the parties shall dial (855) 244-8681 and enter access code 2315 780 7370.

Dated:   February 21, 2025
         New York, New York

SO ORDERED.

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE