

**David E. Gottlieb**
dgottlieb@wigdorlaw.com

April 29, 2025

**MEMO ENDORSED**

**VIA ECF**

The Honorable Katherine Polk Failla
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    <u>Li v. China Merchants Bank Co., LTD, *et al.*; Case No. 22-cv-9309 (KPF)</u>

Dear Judge Failla,

We represent Plaintiff and write jointly with Defendants to respectfully seek an extension to complete discovery from May 2, 2025 to August 14, 2025. This is the first discovery extension the parties have requested in this matter, and the parties commit to this being the only one which will be sought. We understand that we have failed to comply with the originally entered Case Management Plan at Dkt. No. 76, and we jointly express our regret for the current posture of discovery.

The parties have been actively engaged in advancing discovery since discovery opened and have worked together to resolve many discovery issues, and engaged in motion practice to resolve other issues, but a primary barrier to completing discovery has been the resolution of ESI-related issues, including agreement on search terms, custodians and time frames. The parties have engaged in several rounds of meet-and-confers and proposals in an attempt to advance ESI. While progress has been made, we have not yet resolved the ESI issues. Even once the ESI issues are resolved (whether through agreement or order), Defendants submit that an estimated 60 days is necessary for them to properly review and produce responsive ESI. It is notable to mention that this matter involves substantial, if not a majority, of documents written in Mandarin, creating additional time and expenses associated with document collection and review. The parties are committed to conducting all depositions within 30 days following ESI production. As further demonstration of the parties' good faith intent to meet all deadlines going forward, to the extent the extension is granted, we have agreed upon the following interim deadlines to keep us on track:

- Defendants will respond to the letter motion filed on Friday, April 25, 2025 related to ESI, but the parties will try to resolve all ESI issues without the Court's assistance by or before Friday, May 2, 2025. If the parties cannot resolve their ESI disputes or narrow the issues, any outstanding ESI disputes remaining will be submitted to the Court no later than May 5, 2025.



The Honorable Katherine Polk Failla
April 29, 2025
Page 2

- With respect to ESI, following agreement by the parties on appropriate terms and/or a ruling by the Court, ESI will be exchanged between the parties on a rolling basis, with all ESI completed by no later than 60 days thereafter.  Any other non-ESI documents that have been agreed upon and/or ordered for production will also be completed no later than June 2, 2025.

- Unless the parties can mutually agree to earlier dates, between July 2, 2025 and August 14, 2025, the parties will take all depositions.  Plaintiff and Defendants have agreed to notice all depositions expected to be taken (reserving all rights as documents may change the deposition lists) no later than May 5, 2025 to aid in scheduling these depositions.

In addition to the schedule set forth above, the parties have also agreed to re-engage in settlement negotiations and spoke this afternoon.  We will not use settlement discussions as a basis to seek any further extension, but we wanted to advise the Court of the parties' intentions in this regard as well.

We conclude by again reiterating our regret in not having advanced discovery further than its current state.  Consistent with the Court's rules, attached is a revised proposed Case Management Plan (Ex. 1), updating the deadlines consistent with this request.  The parties together thank the Court for Your Honor's consideration of this request.

Respectfully submitted,

David E. Gottlieb

Enc.

The Court reluctantly GRANTS the parties' request for an extension of the deadline to complete discovery.  The parties concede that they have failed to comply with the governing Case Management Plan.  (Dkt. #76).  What is more, they waited until the very last minute to seek this extension, despite knowing that they had made little to no progress on ESI and had not noticed any depositions. This flagrant disregard for the Court's orders, and the Court's time, is intolerable.  The Court is granting counsels' request solely because it does not want to prejudice their clients.  The Court fully expects that the parties will adhere to the interim deadlines set forth in their joint letter (Dkt. #104), and that they will resolve the ESI issues without the Court's assistance, as they represent they are trying to do (*id.* at 1).

The Court appreciates that the parties say they "will not use settlement discussions as a basis to seek any further extension" and that they "commit to this being the only" discovery extension request.  (Dkt. #104 at 1-2).  As the parties can imagine, under no circumstances will the Court grant any further extension requests.

The Court has entered the parties' proposed case management plan under separate cover.

The Clerk of Court is directed to terminate the pending motions at docket entries 103 and 104.

Dated:    April 30, 2025          SO ORDERED.
          New York, New York

                                  HON. KATHERINE POLK FAILLA
                                  UNITED STATES DISTRICT JUDGE