...



Littler Mendelson, P.C.
900 Third Avenue
New York, NY  10022.3298

Margaret L. Watson
212.471.4492 direct
212.583.9600 main
MWatson@littler.com

June 9, 2025

**VIA ECF**
The Honorable Katherine Polk Failla, U.S.D.J.
United States District Court, Southern District of New York
40 Foley Square
New York, New York 10007



Re:   *Li v. China Merchants Bank Co., LTD, et al.*, Case No. 2: 22-cv-9309 (KPF)

Dear Judge Failla:

On behalf of Defendants, we write to respond to Plaintiff's pre-motion letter to quash the non-party subpoena of Plaintiff's husband, Yongkai Xie. (ECF No. 125).

### I. Plaintiff Failed to Comply with Your Honor's Rules Requiring the Parties Meet and Confer Prior to Filing a Request for a Conference.

Plaintiff has, once again, failed to properly meet and confer with Defendants over this noticed subpoena. At the meet and confer held on June 3, 2025, which was scheduled to address other discovery-related issues, Defendants explained the basis for issuing the subpoena and asked Plaintiff's counsel to confirm whether they would be representing Mr. Xie, and if so, whether they would accept service on behalf of Mr. Xie. Plaintiff's counsel indicated that they would review the subpoena and get back to us on whether they would be representing Mr. Xie. Plaintiff failed to raise any dispute over the issuance of the subpoena itself until we received notice of this pre-motion to quash on Thursday, June 5. This is not the first time that Plaintiff has violated this Court's rules to meet and confer with Defendants before raising issues with the Court. *See* ECF No. 102.

### II. Plaintiff Lacks Standing to Object to the Subpoena of Yongkai Xie.

Plaintiff also lacks standing to object to the subpoena.  When a subpoena is issued on a non-party, a motion to quash must be brought by the recipient of the subpoena. *Hutchins v. Palmer*, 2015 U.S. Dist. LEXIS 199259, at *43 (E.D.N.Y. Mar. 31, 2015). As of this writing, Plaintiff's counsel has not even confirmed for Defendants or informed the Court if they are authorized to represent Mr. Xie on this motion.  Although a party may have standing to quash a subpoena if they claim a "personal right or privilege regarding the production sought by the subpoena of the non-party" *id.,* here, Defendants have made clear to Plaintiff that they are not seeking to ask Mr. Xie to disclose communications with this wife that are properly subject to a claim of marital privilege.  But the

fact that one may possess information protected against disclosure subject to a claim of privilege is not a blanket basis to make one immune from deposition. Indeed, if Plaintiff had met and conferred with Defendants prior to the filing of their June 5 letter, the parties likely could have worked out the nature of the questions Defendants intend to pursue and the instant briefing would be moot.

### III. Defendants' Subpoena of Yongkai Xie is Proper.

Defendants subpoena to Mr. Xie is not improper and the desire to depose him is not intended to harass.  Rather, in this action, Plaintiff claims emotional distress damages.  The unique facts of this case is that commencing in March 2020 through the time when Plaintiff's employment terminated, Defendants' offices were closed, and Plaintiff lived and worked from her home in Connecticut.  As a result, given the physical limitations imposed by the global pandemic, there are very few individuals who could be identified as eyewitnesses to any emotional distress Plaintiff allegedly experienced.  The members of her household being the exception.[1]  And the law is clear, that spouses may be called to testify to a plaintiff's emotional distress symptoms. *See, e.g., Boykin v. W. Express, Inc.*, 2016 U.S. Dist. LEXIS 14771 (S.D.N.Y. Feb 05, 2016) (permitting plaintiff's husband to testify specifically about "'his observations of the Plaintiff's physical and emotional demeanor before and after the accident as it pertains to damages.'"); *Rivera v. Inc. Vill. of Farmingdale*, 29 F. Supp. 3d 121, 137 (E.D.N.Y. Dec 31, 2013) ("[t]estimony by Plaintiffs' spouses and children, based on their personal knowledge, may provide the 'other evidence' necessary to 'substantiate[]' Plaintiffs' testimony concerning their own emotional distress damages"); *Holston v. Sisters of the Third Order of St. Francis*, 165 Ill. 2d 150, 174, 209 Ill. Dec. 12, 650 N.E.2d 985 (1995) ("Testimony by a spouse, coworker, or other observer regarding their observations of a plaintiff's emotional distress or anguish has been recognized as providing an evidentiary basis to establish a plaintiff's suffering."). Further, Mr. Xie may have spoken with others regarding Plaintiff's claims, her emotional distress or his observations of same, and any such communications would of course, not be subject to a claim of privilege.

Accordingly, it is clear that Plaintiff's motion to quash is not proper or justified.  Here, Plaintiff should have identified Mr. Xie in response to her Rule 26 disclosures, but she did not.  She did identify him as possessing communications responsive to Defendants' discovery requests, but then identified those communications on a privilege log.  Defendants are entitled to ask Mr. Xie questions to elicit whether the communications at issue are subject to a claim of privilege and they are free to ask him any questions regarding any matters relating to his knowledge of Plaintiff's claims, including her alleged damages, insofar as his responses are based on his observations and not any communication with his wife properly subject to the marital privilege. In this Circuit, the Courts have made clear that when analyzing non-verbal communications, the confidential communications privilege applies only in the limited circumstances where "the conduct was intended to convey a confidential message from the actor to the observer." *See United States v. Pugh*, 945 F.3d 9, 18 (2d Cir. 2019) ("A person seeking to invoke the marital privilege must show

---

[1] Indeed, the medical provider Plaintiff has identified as the individual from whom she sought treatment during this time period, Dr. Felix Kleyman, has to date failed to respond to Defendants requests for records and Plaintiff has also failed to provide copies of any medical records from this provider.

that he actually intended to convey the message to his spouse."). Accordingly, insofar as Mr. Xie may have seen his wife taking medications for stress or speaking on the phone about her stress or behaving erratically, none of this would be privileged against disclosure. *See United States v. Lofton*, 957 F.2d 476, 477 (7th Cir. 1992) ("Acts observed by the spouse are not protected by the communications privilege.") (citing *United States v. Estes*, 793 F.2d 465, 467 (2d Cir. 1986)). Moreover, there is simply no basis for a per se bar against proceeding to depose Mr. Xie simply because he may possess certain communications for which he can assert a claim of marital privilege. In this regard, Defendants note that there is no testimonial privilege applicable in civil proceedings that would completely bar Defendants from being able to call Mr. Xie to testify. *United States v. 281 Syosset Woodbury Rd.*, 71 F.3d 1067, 1070 (2d Cir. 1995) ("The adverse spousal testimony privilege has traditionally been limited to criminal cases" and sometimes "extended to civil forfeiture proceedings.").

In sum and substance, there is no per se bar to requiring Plaintiff's husband to be deposed. If Mr. Xie has a valid claim of privilege during the deposition, he can raise it then. Mr. Xie is a witness—one that Plaintiff should have identified in her initial Rule 26 disclosures—and Defendants' efforts to subpoena him for deposition are not intended to harass. He is simply the only potential witness to Plaintiff's claimed emotional distress damages identified to date for the above-referenced time period. Defendants have informed Plaintiff's counsel that they intend to take his deposition in California, where he resides. For these reasons, Defendants respectfully request that this Court deny Plaintiff's pre-motion letter to quash.

Sincerely,

*/s/ Margaret L. Watson*

Margaret L. Watson

The Court has reviewed Plaintiff's letter motion for a protective order and/or to quash a non-party deposition subpoena (Dkt. #125) and Defendants' letter in opposition (Dkt. #127). The Court DENIES Plaintiff's motion without prejudice to its renewal.

Although the parties did technically meet and confer regarding this dispute, they appear not to have discussed the substance of Plaintiff's objections. The parties are admonished for failing to do so and must do so with respect to future discovery disputes.

To begin with, Plaintiff has standing to object to the subpoena and move to quash it because "[a] party has standing to raise privilege objections to documents sought from a third party." *Alloco Recycling Ltd.* v. *Doherty*, 220 F.R.D. 407, 410-11 (S.D.N.Y. 2004) (citing *Langford* v. *Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975)). The testimony Defendant seeks from Mr. Xie may give rise to valid marital communications privilege claims by Plaintiff.

However, the Court declines at this time to decide whether Mr. Xie's testimony is protected by the marital communications privilege. Certain testimony may be protected by the privilege, and certain testimony may not be. *See United States* v. *Pugh*, 945 F.3d 9, 18 (2d Cir. 2019) ("It is well settled that the communications to which the privilege applies have been limited to utterances or expressions intended by one spouse to convey a message to the other." (quoting *United States* v. *Smith*, 533 F.2d 1077, 1079 (8th Cir. 1976) (citing *Pereira* v. *United States*, 347 U.S. 1, 6 (1954))). The near-blanket immunity Plaintiff describes does not exist as such. Without knowing precisely what sort of testimony Defendant seeks to elicit, the Court cannot decide whether the privilege applies, as it might preclude some questions but not others. Accordingly, the Court denies Plaintiff's motion without prejudice to its renewal with more specificity after the parties meet and confer regarding the questions Defendant intends to ask Mr. Xie. The Court expects that the parties will tailor these questions to the scope of the marital communications privilege. *See Pugh*, 945 F.3d at 18-19.

The Clerk of Court is directed to terminate the pending motions at docket entries 125 and 127.

Dated:   June 11, 2025             SO ORDERED.
         New York, New York

                                   HON. KATHERINE POLK FAILLA
                                   UNITED STATES DISTRICT JUDGE